***NOT FOR PUBLICATION***

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WILSON MORALES, et al., Plaintiffs, | Civil No. 11-6585 (JAP) |
| v. | |
| GARY LANIGAN, et al., Defendants. | **OPINION** |

**APPEARANCES:**

**WILSON MORALES** - Plaintiff pro se
#506472/197211-
New Jersey State Prison
P.O. Box 861
Trenton, N.J. 08625

**WILLIAM MORALES** - Plaintiff pro se
#243631/692852-
New Jersey State Prison
P.O. Box 861
Trenton, N.J. 08625

**GREGORY R. RAVENELL** - Plaintiff pro se
#249100/582990-
New Jersey State Prison
P.O. Box 861
Trenton, N.J. 08625

**PISANO**, District Judge

Plaintiffs Wilson Morales, William Morales and Gregory R. Ravenell (collectively, "Plaintiffs") seek to bring this action in forma pauperis. For the following reasons, all Plaintiffs' applications to proceed in forma pauperis will be denied.

**I. BACKGROUND**

Plaintiffs, incarcerated at New Jersey State Prison in Trenton, New Jersey at the time of filing, bring this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants Gary Lanigan, Greg Bartkowski, Jim Barnes, Bettie Norris, Christopher Holmes and George Byrd, III. The following factual allegations are taken from the complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiffs' allegations.

Plaintiffs' complaint does not contain any specific allegations regarding any violations of their constitutional rights. Rather, it is only a list of all the administrative remedies the Plaintiffs sought. However, according to the documents attached to the complaint, it appears that the Plaintiffs are alleging violations of their rights based on the Department of Corrections' denial of contact visits for these prisoners while they are in protective custody.

Plaintiffs "seek that this Court intervene to ensure policy and procedures outlined in this complaint is [sic] adhered to. Plaintiffs also ask this Court to allow them their right's [sic] as all remedies [sic] has been exhausted." (Compl. ¶ 7.)

## II. DISCUSSION

### A. Legal Standard

#### 1. Joinder

Plaintiffs seek to join their claims in one action against multiple defendants. Federal Rule of Civil Procedure ("Rule") 18(a) controls the joinder of claims. In general, "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."

Rule 20(a) concerns permissive joinder of parties:

> (1) Plaintiffs. Persons may join in one action as plaintiffs if:
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all plaintiffs will arise in the action.
> (2) Defendants. Persons ... may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed.R.Civ.P. 20(a).

The requirements of Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy. Swan v. Ray, 293 F.3d 1252, 1253 (11th Cir.2002). But the policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one action. See Pruden v. SCI Camp Hill, 252

Fed.Appx. 436 (3d Cir. 2007); George v. Smith, 507 F.3d 605 (7th Cir. 2007); Coughlin v. Rogers, 130 F.3d 1348 (9th Cir. 1997).

In actions involving multiple claims and multiple defendants, Rule 20 operates independently of Rule 18.

> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all. If the requirements for joinder of parties have been satisfied, however, Rule 18 may be invoked independently to permit plaintiff to join as many other claims as plaintiff has against the multiple defendants or any combination of them, even though the additional claims do not involve common questions of law or fact and arise from unrelated transactions.

7 Charles A. Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice & Procedure § 1655 (3d ed.2001).

In Hagan v. Rogers, 570 F.3d 146 (3d Cir. 2009), the Third Circuit held that in forma pauperis prisoners are not categorically barred from joining as plaintiffs under Rule 20, and addressed certain considerations applicable to civil cases in which multiple prisoner plaintiffs seek to join in one action pursuant to Rule 20. "In exercising its discretion [whether to permit joinder], the District Court must provide a reasoned analysis that comports with the requirements of the Rule, and that is based on the specific fact pattern presented by the plaintiffs and claims before the court." Hagan, 570 F.3d at 157.

**2. 28 U.S.C. § 1915**

28 U.S.C. § 1915 establishes financial requirements for a

prisoner who is attempting to bring a civil action or file an appeal in forma pauperis. The prisoner must submit (1) an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee, and (2) a certified copy of the inmate trust fund account statement for the six-month period immediately preceding the filing of a complaint. 28 U.S.C. § 1915(a). The prisoner must obtain the certified statement from the proper official of each place of confinement. Id.; see Tyson v. Youth Ventures, L.L.C., 42 Fed.Appx. 221 (10th Cir. 2002); Johnson v. United States, 79 Fed. Cl. 769 (2007).

The prisoner, even if granted in forma pauperis status, must pay the full amount of the $350 filing fee in installments. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10, until the $350 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Even if the full filing fee, or any part of it, has been paid, the Court must dismiss the complaint if the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions); see also 28 U.S.C. §

1915A (dismissal of actions in which prisoner seeks redress from governmental defendant). If the Court dismisses a complaint for any of these reasons, the installment payments of the filing fee are not suspended and the prisoner does not get back the filing fee, or any part of it, that has been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, the prisoner cannot bring another action in forma pauperis unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Where the entire $350 filing fee has not been prepaid, the full $350 filing fee must be assessed against each in forma pauperis prisoner plaintiff permitted to join under Rule 20, as though each such prisoner were proceeding individually. Hagan, 570 F.3d at 150. Where multiple plaintiffs seek to proceed in forma pauperis, each must submit a complete application, accompanied by the required certified six-month institutional account statement.

**B. Analysis**

Here, the $350 filing fee was not prepaid. Plaintiff Wilson Morales failed to submit a certified six month account statement as required by 28 U.S.C. § 1915. Further, his six month account statement is not for the time period "immediately preceding the

filing of the complaint." Plaintiff William Morales also did not submit a six month account statement for the time period immediately preceding the filing of the complaint, as the complaint was filed in November and his statement is only through August 17th. Finally, Plaintiff Gregory Ravenell is barred by § 1915(g) from proceeding in forma pauperis unless he can show that he is in imminent danger of serious physical injury because he has suffered at least three previous federal court dismissals for cases that were frivolous or malicious or failed to state a claim. See Ravenell v. McFarland, Civ. No. 07-89 (JBS); Ravenell v. Fallon, Civ. No. 95-802 (JWB); Ravenell v. Glynn, Civ. No. 95-3623 (MLC); and Ravenell v. Hendricks, Civ. No. 04-0038 (MLC). The allegations of the Complaint are not sufficient to demonstrate that Plaintiff Ravenell is in imminent danger of serious physical injury.

Therefore, as the Plaintiffs have failed to meet the filing fee requirements, all applications for leave to proceed in forma pauperis will be denied. If Plaintiffs William Morales or Wilson Morales move to re-open this action, or if Plaintiffs choose to assert their respective claims in a new separate action, then they must file new applications for leave to proceed in forma pauperis, including certified six month account statements for the time period immediately preceding the filing of the complaint. Plaintiff Ravenell must pre-pay the entire $350 filing fee before he may seek to re-open this action or file his respective claims in

a new separate action.

Finally, Rule 21 provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." As the Hagan court provided new guidelines regarding the procedures applicable to cases in which multiple pro se prisoner plaintiffs seek to proceed jointly, it would not be just, at this time, to sever any improperly joined claims.[1] Instead, Plaintiffs will be given the opportunity to either: (1) move to re-open this action, complying with the rules applicable to joinder of claims and parties, including the filing fee requirements; or (2) file new and separate actions asserting their individual claims.

## III. CONCLUSION

For the reasons set forth above, all pending applications for leave to proceed in forma pauperis will be denied and the Clerk of the Court will be ordered to administratively terminate this action, without filing the Complaint or assessing a filing fee. Plaintiff William Morales' and Wilson Morales' applications are denied without prejudice. Plaintiff Ravenell must pre-pay the entire $350 filing fee if he wishes to proceed. All Plaintiffs will be granted leave to move to re-open, or file their own

[1] This Court notes that while all Plaintiffs may have been denied contact visits, the facts of each Plaintiff's circumstances appear to vary greatly.

individual Complaints within 30 days.[2] Any future joint amended Complaint or individual Complaint must comply with the Rules for asserting multiple claims by or against multiple parties. An appropriate order follows.

/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge

Dated: May 7, 2012

[2] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations bar if it was originally filed timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Del. State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Educ., 45 F.3d 161, 163 (7th Cir. 1995).